**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SKINCURE ONCOLOGY, LLC, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>ROBERT F. KENNEDY JR.,<br>Secretary, United States Department<br>of Health and Human Services, *et al.*,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:26-cv-00737-RC |

**PLAINTIFFS' MOTION FOR STAY AND**
**PRELIMINARY AND PERMANENT INJUNCTION**

Pursuant to 5 U.S.C. § 705, Federal Rule of Civil Procedure 65, and Local Civil Rule 65.1, Plaintiffs SkinCure Oncology, LLC ("SkinCure"), PatientsACT.org Inc. ("PatientsACT"), and the individual patient Plaintiffs (Bret R. Allard, Michael P. Carney, Brenda Crum, Julien DeBacker Jr., Carl D. Phelps, and L. Peter Smith) hereby move for a Section 705 stay and preliminary and permanent injunction to prevent Defendants from enforcing portions of the 2026 Physician Fee Schedule Rule issued by the U.S. Department of Health and Human Services, five Local Coverage Determinations ("LCDs"), and an additional five billing and coding articles ("Billing Articles").

Together, these Agency actions seek to upend existing Medicare coverage for an innovative, highly effective form of skin cancer treatment required by many Medicare beneficiaries. The Agency lacks a sufficient basis or authority for making these substantial policy changes in violation of the Administrative Procedure Act and the Medicare Act.

If the challenged portions of the Rule and the LCDs take effect, they will cause immediate and irreparable harm to Plaintiffs and to Medicare beneficiaries who need this treatment and will reverse a decade of clinical progress in the advancement and accessibility of modern, image-guided radiation therapy for skin cancer.

As a result, each of the prerequisites for issuing a stay and preliminary injunction is satisfied here. Plaintiffs are likely to prevail on their challenge to the Agency actions at issue. Plaintiffs and Medicare beneficiaries will suffer serious and irreparable harm absent the preliminary relief sought. Finally, the balance of equities favors preliminary relief and such relief would advance the public interest.

Pursuant to Local Rule 7, Plaintiffs conferred with Defendants on March 4, 2026, but Defendants did not consent to the relief requested. Thus, in support of this Motion, Plaintiffs submit the attached Memorandum of Law, Exhibits, and a proposed order. For the reasons set forth therein, Plaintiffs request that this Court enter the requested stay and preliminary and permanent injunction.

Dated: March 6, 2026

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ *Lynn Estes Calkins*
Lynn Estes Calkins (DC Bar No. 445854)
Zachary P. Lundgren (DC Bar No. 90012330)
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Phone: (202) 955-3000
lynn.calkins@hklaw.com
zachary.lundgren@hklaw.com

Andrew Solinger (DC Bar No. 1014742)
511 Union Street, Suite 2700
Nashville, TN 37219
Phone: (615) 850-8062
andrew.solinger@hklaw.com

*Counsel for Plaintiffs*