**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SKINCURE ONCOLOGY, LLC, *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| v. | ) | Civil Action No. 1:26-cv-00737-RC |
| | ) | |
| ROBERT F. KENNEDY JR., | ) | |
| Secretary, United States Department | ) | |
| of Health and Human Services, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFFS' REQUEST FOR ORAL HEARING**

Plaintiffs SkinCure Oncology, LLC ("SkinCure"), PatientsACT.org Inc. ("PatientsACT"), and the individual patient Plaintiffs Bret. R. Allard, Michael P. Carney, Brenda Crum, Julien DeBacker Jr., Carl D. Phelps, and L. Peter Smith (collectively, "Plaintiffs"), respectfully move for the Court to schedule a hearing on their Motion for Stay and Preliminary and Permanent Injunction (the "Motion"), and state the following:

1. Plaintiffs filed a Complaint on March 3, 2026, against Defendants United States Department of Health and Human Services ("HHS"), Robert F. Kennedy Jr., in his official capacity as HHS Secretary, the Center for Medicare & Medicaid Services ("CMS"), and Dr. Mehmet Oz, in his official capacity as CMS Administrator (collectively, "Defendants"). ECF No. 1.

2. On March 6, 2026, Plaintiffs filed their Motion seeking to stay and enjoin Defendants' Final Rule, Final LCDs, and Billing Articles. *See* ECF No. 10 (sealed, unredacted version); ECF No. 11 (redacted version).

3. On March 7, 2026, the Court asked the parties to propose a briefing schedule on the Motion.

4. Local Rule 65.1(d) states, "[o]n request of the moving party together with a statement of the facts which make expedition essential, a hearing on an application for preliminary

injunction shall be set by the Court no later than 21 days after its filing, unless the Court earlier decides the motion on the papers or makes a finding that a later hearing date will not prejudice the parties."

5. As explained in the Motion, Plaintiffs stand to experience significant and urgent harm—such as the loss of life-saving cancer treatment and material financial losses—as a result of Defendants' challenged actions, and these harms will continue and increase absent injunctive relief. Some of these Plaintiffs have appointments in the coming days and weeks that they will miss if the relief requested in the Motion is not granted. *See, e.g.*, Exhibit D to Plaintiffs' Motion, ECF No. 10-8, ¶¶ 8–11, 16–21; Exhibit G to Plaintiffs' Motion, ECF No. 10-11, ¶¶ 9, 12–16. Plaintiffs SkinCure Oncology, LLC, and PatientsACT.org Inc. will also sustain significant, irreversible financial losses and if Defendants' actions remain in effect. *See* Exhibit B to Plaintiffs' Motion, ECF No. 10-6, ¶¶ 24–25, 32, 37; Exhibit C to Plaintiffs' Motion, ECF No. 10-7, ¶¶ 16–17; Exhibit J to Plaintiffs' Motion, ECF No. 10-14, ¶¶ 15–18.

6. Given the importance and urgency of the harms that Plaintiffs face as a result of Defendants' actions, it is imperative that Plaintiffs have an opportunity to be heard on their Motion. Oral argument would complement the briefing on the Motion and would facilitate the Court's swift, just resolution of the Motion.

7. Plaintiffs therefore request that the Court schedule a hearing on the Motion to take place within seven days after the close of briefing on the Motion.[1]

[1] The parties are currently proposing a briefing schedule on Plaintiffs' Motion for the Court's consideration. Depending on the briefing schedule the Court enters, the briefing on Plaintiffs' Motion may conclude outside of the 21-day hearing window contemplated by Local Rule 65.1(d). Consequently, Plaintiffs seek a hearing to be scheduled within seven days of the last brief filed on the Motion, whatever date that may be.

## CONCLUSION

8. For the above reasons, Plaintiffs respectfully seek a hearing on Plaintiffs' Motion to take place within seven days after the close of briefing on the Motion.

9. Pursuant to Local Rule 7(m), Plaintiffs' counsel conferred with Defendants' counsel regarding this motion and the relief sought herein. Defendants take no position on the instant motion.

Dated: March 9, 2026

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ *Lynn Estes Calkins*

Lynn Estes Calkins (DC Bar No. 445854)
Zachary P. Lundgren (DC Bar No. 90012330)
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Phone: (202) 955-3000
lynn.calkins@hklaw.com
zachary.lundgren@hklaw.com

Andrew Solinger (DC Bar No. 1014742)
511 Union Street, Suite 2700
Nashville, TN 37219
Phone: (615) 850-8062
andrew.solinger@hklaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7(m), I hereby certify that, on March 9, 2026, Lynn Estes Calkins, who is counsel for Plaintiffs, conferred with Andrew Vaden of the U.S. Attorney's Office, who is counsel for Defendants, regarding Plaintiffs' intention to file this motion. Defendants stated that they take no position on this filing.

/s/ *Lynn Estes Calkins*
Lynn Estes Calkins

## CERTIFICATE OF SERVICE

I hereby certify that, on March 9, 2026, I caused the foregoing to be served on counsel of record via electronic mail to Defendants' counsel Andrew Vaden (andrew.vaden@usdoj.gov) and via first-class mail, postage prepaid on:

Robert F. Kennedy Jr., In His Official Capacity
United States Secretary of Health and Human Services
Hubert H. Humphrey Building
200 Independence Avenue, S.W.
Washington, DC 20201

United States Department of Health and Human Services
Office of the General Counsel
Hubert H. Humphrey Building
200 Independence Avenue, S.W.
Washington, DC 20201

Mehmet Oz, In His Official Capacity
Administrator, United States Centers for Medicare and Medicaid Services
7500 Security Boulevard
Baltimore, MD 21244

United States Centers for Medicare and Medicaid Services
7500 Security Boulevard
Baltimore, MD 21244

Civil Process Clerk
United States Attorney for the District of Columbia
601 D Street, N.W.
Washington, DC 20530

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

/s/ *Lynn Estes Calkins*
Lynn Estes Calkins